UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT N. OLDS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:05-CV-1110-HEA |
|  | ) |  |
| STEVE LONG, JAMES PURKETT, | ) |  |
| BRENDA GRUHALA, CLARENCE | ) |  |
| HAMLIN, MARVIN JOHNSON, | ) |  |
| JOHN E. BAIN and S. BILLINGLEY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon plaintiff's motion to proceed in forma pauperis [Doc. #2].

### 28 U.S.C. § 1915 (g)

Title 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if "on 3 or more [earlier] occasions, . . . [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of this Court's files indicates that plaintiff has had three or more actions dismissed as frivolous or for failing to state a claim upon which relief may be granted. *See Olds v. Gammon*, Case No. 2:93-CV-82-JCH (E.D.Mo.); *Olds v. Schriro*, Case No. 2:93-CV-96-JCH (E.D. Mo.); and *Olds v. Holden*, Case No. 4:03-CV-96-TIA (E.D.Mo.).

However, plaintiff alleges that he has a medical condition that poses an imminent danger of serious physical injury: chronic obstructive pulmonary disease - emphysema. Plaintiff

submits two Lay-in/Medical/Duty Restrictions forms indicating that he is permanently restricted to a nonsmoking roommate. Plaintiff's Exhibits B1, B2. He states that breathing treatments and an Albuterol inhaler have been prescribed for his condition. Plaintiff alleges that, in retaliation for his filing grievances, defendants celled him with roommates who smoke. Plaintiff seeks monetary and injunctive relief.

Plaintiff's allegation of deliberate indifference to a serious medical need is sufficient to satisfy the threshold criterion of the "imminent danger" exception under § 1915(g). *See, e. g., McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (plaintiff's allegations of five tooth extractions that had been delayed, and spreading tooth infection, were sufficient to meet imminent-danger exception); *see also Larson v. Kempker,* 2005 WL 1653099, *3 (8th Cir. 2005) (*citing Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475 (1993) ("... [A] prisoner [can] state a cause of action under the Eighth Amendment by alleging that prison officials had permitted him to be exposed to levels of tobacco smoke that presented an unreasonable risk of serious harm to future health."). Therefore, the Court must review plaintiff's financial information to determine whether he may proceed in forma pauperis, s*ee* 28 U.S.C. § 1915(b), and must review his complaint to determine whether it is frivolous or fails to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28

U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint on July 18, 2005. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $21.78, and an average monthly account balance of $9.22. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.36, which is 20 percent of applicant's average monthly deposit.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. Moreover, 28 U.S.C. § 1915A, requires the Court to identify any cognizable claims that would survive dismissal.

As stated above, plaintiff complains that, in retaliation for his filing grievances, defendants celled him with roommates who smoked, in spite of their knowledge of the nonsmoking roommate restriction. Accordingly, plaintiff's claim under § 1983 is cognizable against those defendants who, according to plaintiff, were personally involved in or directly responsible for celling him with roommates who smoke. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

3

directly responsible for incidents that injured plaintiff). In the body of the complaint, but not in the caption, plaintiff names as defendants Betty Johnson, Charles Chastin, Tymber Spray, Larry Crawford and John Doe tobacco companies. Plaintiff fails to allege facts as to how each of these defendants was personally involved in or directly responsible for violation of his federally-protected rights. Moreover, none of these defendants are involved in decisions regarding which inmates are celled together. Therefore, these defendants must be dismissed.

Also, and in the alternative, as to Defendant Crawford, plaintiff is, at best, attempting to attach liability to this defendant based upon his supervisory position. However, he does not allege that Defendant Crawford personally participated in or had direct responsibility for the alleged violations of his constitutional rights. *See McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993) (supervisory liability under § 1983 requires proof that the supervisor personally participated in or had direct responsibility for the alleged violations). Therefore, Defendant Crawford must be dismissed.

Plaintiff alleges that Defendant Long responded in writing to his grievance but did not enforce the Department of Corrections policy against smoking or act to ensure that the nonsmoking roommate restriction was enforced. *See* Plaintiff's Exhibit A1. Plaintiff alleges that defendants Bain, Purkett, Gruhala, Hamlin, Johnson and Billingsley have disregarded the Department of Corrections non-smoking policy and have been responsible for smokers being assigned to his cell. Plaintiff's claims regarding these defendants survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that these defendants reply to the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $4.36 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendants Long, Bain, Purkett, Gruhala, Hamlin, Johnson and Billingsley.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Long, Bain, Purkett, Gruhala, Hamlin, Johnson and Billingsley shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 27th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**